IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

Richmond Division

ANNIE W. WHITE,
        Plaintiff,

v.                                       Civil Action No. 3:12-CV-00122

DELHAIZE AMERICA, INC.,
*doing business as* FOOD LION, LLC,
        Defendant.

## **MEMORANDUM OPINION**

This matter is before the Court on the defendant's motion for summary judgment pursuant to Federal Rule of Civil Procedure 56(a). The plaintiff, Annie W. White ("White") asserts that the defendant, Delhaize America, Inc., d/b/a/ Food Lion, LLC, ("Food Lion"), negligently allowed an unsafe condition to exist in its store, causing the plaintiff to slip and suffer injury. The plaintiff presents no evidence in support of the conclusion that Food Lion had actual or constructive notice of the alleged unsafe condition, and this failure forces the Court to grant summary judgment to the defendant.

### I. Standard of Review

Under Fed. R. Civ. P. 56(a), this Court shall grant summary judgment to the defendant if the defendant can show that (1) there is no genuine dispute as to any material fact, and (2) the defendant, therefore, is entitled to judgment as a matter of law. In other words, the defendant must show that the evidence, even when viewed in the light most favorable to the plaintiff, is insufficient to establish the required elements of the plaintiff's claims against the defendant. *See, e.g., Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

## II. Statement of Undisputed Facts

The facts in this case are very simple. The record evidence shows that White slipped and fell in a Food Lion grocery store one evening. After slipping, White noticed a "smushed grape" a few feet from where she fell, and she now alleges that the grape caused her fall. Neither White nor any other person saw the grape or can attest to how long it had been on the floor prior to the accident. The assistant manager of the store, Shannon C. Lackey ("Lackey"), regularly checked the floors for foreign objects and had inspected the area where White fell approximately thirty to sixty minutes beforehand. She did not see the grape, "smushed" or otherwise.

## III. Discussion

To prove the grocery store's negligence, the plaintiff must show that "'the defendants had actual or constructive notice' of the dangerous condition" and then failed to remove it within a reasonable period of time.[1] *See Turley v. Costco Wholesale Corp.*, 220 Fed. Appx. 179, 181-82 (4th Cir. 2007) (citing *Ashby v. Faison & Assocs., Inc.*, 247 Va. 166 (1994)). Constructive notice of a dangerous condition creates a duty to exercise reasonable care towards invitees on the premises, thereby requiring a store to "remove, within a reasonable time, foreign objects from its floors which it may have placed there or which it knew, or should have known, that other persons had placed there . . . ." *Colonial Stores, Inc. v. Pulley*, 203 Va. 535, 537 (1962); *see also Winn-Dixie Stores, Inc. v. Parker*, 240 Va. 180, 182 (1991). Constructive notice can be established in two different ways: by proving that (1) inspections were of an unreasonable quality and thus failed to reveal an unsafe condition; or (2) that the defendant knew or should have known of the dangerous condition. The plaintiff does not allege that the grocery store

---

[1] The Supreme Court of Virginia has rejected the "method-theory" that removes the burden from the plaintiff to establish notice if it is reasonably foreseeable that a dangerous condition will arise based on the means used to exhibit commodities for sale. *See Hodge v. Wal-Mart Stores, Inc.*, 360 F.3d 446, 453 (4th Cir. 2004).

2

had actual notice of the fallen grape. The plaintiff furthermore fails to establish constructive notice—that the store should have known about the grape—under either of two available modes of proof.

First, the plaintiff could establish constructive notice by proving that the defendant unreasonably carried out its duty to inspect the premises. *See Parker*, 240 Va. at 184. Nothing suggests, however, that the defendants actually created the "hazard" or that Lackey, in her inspection of the produce section, failed to discover and remove the grape due to neglect. Even assuming that Lackey had performed a poor inspection, an inference that the hazard had been passed over would ignore the "likelihood" that the condition arose sometime after the inspection but before the accident. *See Parker*, 240 Va. at 183-84; *Turley*, 220 Fed. Appx. at 182. The plaintiff offers no evidence that Lackey's inspection of the produce section was insufficient to discover a dangerous condition.

In the alternative, the plaintiff could establish constructive notice by showing that the condition existed for an unreasonable time and that the defendant would have discovered it with reasonable care. The plaintiff must actually prove that an unreasonable amount of time elapsed between the creation of the condition and the accident; in other words, the plaintiff must show the duration of the dangerous condition by specific facts in order to withstand a motion for summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251 (1986). A plaintiff's case is "doomed" without evidence as to how long the condition existed. Under Virginia case law, the defendant can prevail even when the last inspection of the area for hazardous conditions ranged from two-and-a-half hours to an entire day beforehand. *See Turley*, 220 Fed. Appx. at 181; *Hodge*, 360 F.3d at 453; *Grim v. Rahe, Inc.*, 246 Va. 239, 242 (1993). Where no evidence demonstrates how long the condition existed other than the last time the area was inspected, a

3

trier of fact could just as logically assume that the condition arose the moment before the injury occurred as assume that it had existed long enough for the defendant to have discovered it in the exercise of reasonable care. *See Pulley*, 203 Va. at 537-38; *Parker*, 240 Va. at 184. The plaintiff has not adduced any evidence of the condition's duration, so constructive notice again fails to hold.

The plaintiff nevertheless attempts to create an inference of constructive notice by arguing that the grape was "smushed," that thirty to sixty minutes had gone by without an inspection by an employee, that Lackey offered to pay for an ambulance and for White's medical costs on behalf of the defendant, and that other employees who could have inspected the area had gone home for the night. None of these facts, even if true, help her case. First, the fact that the grape was smashed does not prove how long it had been on the floor: it might have just fallen, and White could have very well smashed it herself by stepping on it. Second, an hour lapse since the last inspection of the area, as discussed, does not remove the possibility that the condition arose seconds before White encountered it. Third, neither Lackey's offer to pay for medical expenses nor the fact that other employees left for the night establishes negligence in any way. In short, the plaintiff fails entirely to make out a prima facie case of negligence. *See Grim*, 246 Va. at 242.[2]

---

[2] The plaintiff also argues that she need not establish why the unsafe condition occurred in the first place. While true, the plaintiff must still establish that the defendant had actual or constructive notice of the condition, which she has not done for the reasons discussed above. *See Hodge*, 360 F.3d at 452 (citing *O'Brien v. Everlast, Inc.*, 254 Va. 326 (1997)).

## IV. Conclusion

For the reasons set forth above, the Court shall grant the defendant's motion for summary judgment with respect to all claims.

The Court will enter an appropriate order.

Date: June 1, 2012
Richmond, VA

/s/
John A. Gibney, Jr.
United States District Judge